
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

– against –

YENIS GARCIA-LOPEZ,

Defendant.

---

11-CR-586

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from that provided by the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now "advisory" rather than mandatory, *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v.*

1

*Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (alterations in original).

On December 12, 2011, Yenis Garcia-Lopez pled guilty to Count One of a two-count indictment which charged that July 22, 2011, the defendant imported heroin into the United States, in violation of 21 U.S.C. §§ 952(a) and 960(b)(3), a lesser included offense of 21 U.S.C. § 960(b)(1)(A).

Garcia-Lopez was sentenced on April 23, 2012. The court finds the total offense level to be twenty-one and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between thirty-seven and forty-six months. The calculation of the total offense level included a four-point reduction for her minimal role in the offense and a three-point reduction for acceptance of responsibility. The offense carried a maximum term of imprisonment of twenty years. 21 U.S.C. § 960(b)(3). It was conceded by the defendant and the government, and the court found, that all statutory requirements for the "safety valve" under 18 U.S.C. § 3553(f) had been met, and that defendant was entitled to a two-point reduction in her offense level. The guidelines range of fine was from $7,500 to $1,000,000. The underlying indictment was dismissed by the court.

Garcia-Lopez was sentenced to time served and three years of supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C.

§ 3553(a) and *Booker*. *Cf.* Abe Cho, Note, *Lowering Sentences for Illegal Immigrants? Why Judges Should Have Discretion to Vary from the Guidelines Based on Fast-Track Sentencing Disparities*, 43 Colum. J. L. & Soc. Probs. 447 (2010) (arguing federal district judges have discretion to impose lower sentences in immigration cases to avoid sentencing disparities with "fast-track" programs found predominately in southwest border states).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Heroin importation is a serious offense. Drugs continue to have severe deleterious effects on communities across the country. The fact that the defendant declined to transport drugs on several prior occasions indicates that the instant offense was not a rash or unconsidered action. Nevertheless, her conduct was aberrant. Before she was arrested, the defendant—a twenty year-old woman—was attending high school in the Bronx and working as a babysitter. She is supported by a loving family here in the United States.

The defendant has already served nine months in prison on the instant offense. Moreover, because she is a citizen of the Dominican Republic, she will almost certainly be deported, separating her from her family and depriving her of the opportunities she sought when she moved to this country. In view of her age and youthful appearance, further incarceration would be harmful to her. A sentence of time served reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in drug importation will result in a substantial prison sentence. Specific deterrence is achieved through her prior incapacitation and almost certain

deportation. It is unlikely that she will engage in further criminal activity in light of her youth and family support.

Jack B. Weinstein
Senior United States District Judge

Dated: April 24, 2012
Brooklyn, New York